WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
Brian J. Hembd, #029817
admin@wb-law.com
*Attorneys for Intervenors*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Rickman Brown; Jeff Ross; Evans, Sholz, Williams, & Warncke, LLC; and Ross Orenstein & Baudry, LLC, f/k/a Ross & Orenstein, LLC,** | **Case No. 2:16-cv-02801-SRB** |
| **Petitioners,** | **MOTION TO INTERVENE** |
| **v.** | |
| **Eva Sperber-Porter; Baseline & Val Vista Associates, LP; Litchfield Road Associates, LP; Joseph and Helen Baldino; the Baldino Family Revocable Living Trust, Joseph and Helen Baldino Trustees; and the Meridian Financial Corporation Profit Sharing and Retirement Trust,** | |
| **Respondents.** | |
| **Regal Car Wash XIX Associates, LP, Regal Car Wash XXIII Associates, LLC and NM Clean I, LLC,** | |
| **Intervenors.** | |

Pursuant to Rule 24, Federal Rules of Civil Procedure, Regal Car Wash XIX Associates, LP, Regal Car Wash XXIII Associates, LLC and NM Clean I, LLC (collectively "Intervenors")

hereby move to intervene in this proceeding to assert their objections to certain Subpoenas issued to Wells Fargo in this matter.  This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

Petitioners obtained a judgment against Eva Sperber-Porter, as to her sole and separate property only, and against other Defendants.  The judgment arose from an Arbitration Award issued on July 27, 2016.   That Arbitration Award was confirmed by the Court in this case on December 14, 2016.

Petitioners served a Subpoena on Wells Fargo, seeking certain bank records related to Respondent, Eva Sperber-Porter.  **Exhibit A**.  Wells Fargo notified Ms. Sperber-Porter of their intent to disclose Intervenors' bank accounts, as Ms. Sperber-Porter is a signer on those accounts. **Exhibit B**.  Intervenors wish to intervene in this matter to protect their interests in those accounts and object to their disclosure.

**II.    LEGAL ANALYSIS**

Intervenors should be granted the right to intervene in this matter for the limited purpose of objecting to the Subpoenas served on Wells Fargo, which are for Intervenors' bank accounts.

**A.    Intervenors Should Be Allowed To Intervene As A Matter Of Right**

The Federal Rules of Civil Procedure provide a party with the absolute right to intervene in an action if that party claims an interest in the subject matter of the litigation.  Fed.R.Civ.P. 24(a).  Specifically, Rule 24(a) states:

> **(a)    Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
> ***
>
> (2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003) ("A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties."). Furthermore, the Ninth Circuit held in *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992), "Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and 'we are guided primarily by practical considerations.' *Id.* (internal citation omitted).

Here, Petitioners have issued a Subpoena to Wells Fargo. Exhibit A. The Subpoena requests accounts that Ms. Eva Sperber-Porter is even a signer on. *Id.* Wells Fargo has indicated that certain accounts that are responsive to the Subpoena, based on Eva's being a signer thereto, include Intervenors' business accounts. Thus, Intervenors have an interest in the "property or transaction" that is the subject of this action. *Arakaki*, 324 F.3d at 1083.

Nor can this action be disposed of without the Intervenors being allowed to bring their objections to the Subpoena. Petitioners themselves have raised a standing objection to Ms. Sperber-Porter's challenge to the Subpoena, claiming she herself lacks the ability to challenge it. Dkt. 129, 2. Thus, Intervenors must be allowed to appear and assert their objection to the disclosure of their confidential business records. Without such an objection, the Intervenors rights may go unprotected.

Intervenors have attached hereto a copy of the Objection they wish to file against the Subpoena, in the form of a Motion to Quash. **Exhibit C**. As the Court can see, the Motion to Quash concerns their bank accounts which have been requested by Subpoena.

The Court in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 8:10ML2151 JVS FMOX, 2012 WL 9245988, at *1 (C.D. Cal. Jan. 25, 2012) allowed a

non-party to intervene as its rights were implicated by a Subpoena to yet another non-party.  The Court found that absent intervention, the non-party intervenor's rights would likely not be protected and therefore granted the Motion to Intervene.  *Id*.  The same is true here, where Intervenors' rights may not be protected by the current parties to this matter, specifically if the Court agrees with Petitioner's position that Respondent Eva Sperber-Porter lacks standing to challenge the Subpoena.  Thus, just as in *In re Toyota Motor Corp*, this Court should grant this Motion to Intervene.

### B.        Intervenors Should Be Allowed To Permissively Intervene

The Rules also allow for the Court to allow permissive intervention.  Pursuant to Fed.R.Civ.P. 24(b):

> (b)    **Permissive Intervention**.  (1) In General.  On timely motion, the court may permit anyone to intervene who:
> ***
>
> (B)    has a claim or defense that shares with the main action a common question of law or fact.

Fed.R.Civ.P. 24(b).  Here, Intervenors have a claim or defense that shares with the main action a common question of law or fact.  Intervenors wish to resolve their entanglement in the collection process.  Ms. Sperber-Porter is a signer on the bank accounts of the Intervener entities.  She too has asserted that the Petitioners cannot be given access to the accounts, though Petitioners have challenged her standing to do so.  Thus, Intervenors share a common question of law or fact in challenging the Subpoena.

In *Ellender v. Schweiker*, 550 F. Supp. 1348, 1360 (S.D.N.Y. 1982) the Court permitted intervention where the proposed intervening parties presented questions of fact and law that were virtually identical to those of the plaintiffs.  The Court further explained that their intervention would not detract from the plaintiffs' case or otherwise delay the proceedings, as their claims were nearly the same as those made by parties in the case.  *Id*.  Their involvement would only further aid the Court's understanding of the facts.  *Id*; *see also Barcia v. Sitkin*, 89 F.R.D. 382, 384 (S.D.N.Y. 1981) (where it was unlikely that intervention would delay or prejudice defendant and

4

intervenor might shed additional light on the facts pertaining to the issues, intervention would be permitted.)  Therefore, the Court granted intervention.  *Id.*  The Court should do the same here, where Intervenors would not delay the proceedings, but rather shed light on their corporate structure, assisting the Court with the decision of whether Ms. Sperber-Porter being a signer on their accounts should permit the inspection of those accounts.

## III.     CONCLUSION

Based on the foregoing, Intervenors hereby respectfully request that the Court grant their Motion to Intervene for the purposes of asserting their objections to the Subpoena served on Wells Fargo.

**RESPECTFULLY SUBMITTED** September 26, 2017.

**WILENCHIK & BARTNESS PC**

/s/ Dennis I. Wilenchik
Dennis I. Wilenchik, Esq.
Brian J. Hembd, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona  85004
admin@wb-law.com
*Attorneys for Intervenors*



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2017, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the individuals registered.

*By:* */s/* Wendy L. Echols

# EXHIBIT A



1    J. Henk Taylor (016321)
2    **RYAN RAPP & UNDERWOOD, P.L.C.**
     3200 N. Central Ave, Suite 2250
3    Phoenix, Arizona 85012
     Telephone: (602) 280-1000
4    Facsimile: (602) 265-1495
5    htaylor@rrulaw.com.

6    *Co-Counsel for Petitioners/Judgment Creditors*
     *Rickman Brown; Jeff Ross; Evans, Sholz,*
7    *Williams & Warncke, LLC; and Ross, Orenstein*
     *& Baudry LLC f/k/a Ross & Orenstein LLC*

8

9                 **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF ARIZONA**

11

12   Rickman Brown; Jeff Ross; Evans,          **No. 2:16-cv-02801-SRB**
     Sholz, Williams & Warncke LLC; and
13   Ross, Orenstein & Baudry LLC f/k/a
     Ross & Orenstein LLC,
14
15              Petitioners/Judgment
                Creditors,
16                                             **NOTICE OF FILING SUBPOENA DUCES**
     v.                                        **TECUM (Sperber-Porter—Wells Fargo**
17                                                          **Bank)**
     Eva Sperber-Porter; Baseline & Val
18   Vista Associates, LP; Joseph Baldino
19   and Helen Baldino, husband and wife;
     The Baldino Family Revocable Living
20   Trust, Joseph and Helen Baldino,
     Trustees; The Meridian Financial
21   Corporation Profit Sharing and
22   Retirement Trust,

23              Respondents/Judgment
24              Debtors.

25        Petitioners Rickman Brown and Jeff Ross hereby give notice that on August 14,
26
     2017, undersigned counsel issued a Subpoena Duces Tecum in this matter to be served
27
     upon the Custodian of Records for Wells Fargo Bank.  *See* **Exhibit 1** attached hereto.
28

1

Undersigned counsel certifies that a copy of this Subpoena has been forwarded via U.S.

2

Mail, postage paid, to all parties of record.

3

4

DATED this 14th day of August, 2017.

5

RYAN RAPP & UNDERWOOD PLC

6

7

/s/ Henk Taylor (016321)

8

J. Henk Taylor

9

Co-Counsel for Rickman Brown; Jeff Ross;
Evans, Sholz, Williams & Warncke LLC; and

10

Ross, Orenstein & Baudry LLC f/k/a Ross &
Orenstein LLC

11

12

**ORIGINAL** e-filed and **COPIES**

13

Emailed this 14th day of August, 2017 as
follows:

14

Dennis I. Wilenchik

15

Brian J. Hembd
David A. Timchak

16

**WILENCHIK & BARTNESS P.C.**
2810 North Third Street

17

Phoenix, AZ 85004
diw@wb-law.com

18

brianh@wb-law.com
davidt@wb-law.com

19

admin@wb-law.com
*Attorneys for Respondents/Judgment Debtors*

20

21

Dale Schian

22

Nathan Mitchler
**SCHIAN WALKER, PLC**

23

1850 N. Central Ave., Ste. 900
Phoenix, AZ 85004

24

dale@biz.law

25

nathan@biz.law
scdocket@biz.law

26

*Attorneys for Helen Baldino, The Milano
Living Trust, The Brian Baldino Irrevocable*

27

*Trust and The Elizabeth Baldino Irrevocable*

28

*Trust*

1

James E. Shively

2

**BALL, SANTIN & MCLEARN, P.L.C.**

2999 North 44th Street, Suite 500

3

Phoenix, AZ 85018

shively@bsmplc.com

4

*Counsel Garnishee Bank of America, N.A.*

5

Carlie Tovrea

6

**SNELL & WILMER L.L.P**

One Arizona Center

7

400 E. Van Buren

8

Phoenix, AZ  85004-2202

ctovrea@swlaw.com

9

*Counsel for Garnishee Wells Fargo Bank*

10

11

12

____/s/ Henk Taylor_____

13

J. Henk Taylor

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| Rickman Brown, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   2:16-cv-02801-SRB |
| v. | ) | |
| Eva Sperber-Porter, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    CUSTODIAN OF RECORDS
                                              Wells Fargo Bank
                              *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT "A" FOR ITEMS REQUESTED

| Place: Ryan Rapp & Underwood PLC<br>3200 N. Central Ave., Suite 2250<br>Phoenix, AZ  85012 | Date and Time:<br><br>09/04/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/14/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Petitioners
Rickman Brown and Jeff Ross                                        , who issues or requests this subpoena, are:

Henk Taylor, Esq., Ryan Rapp & Underwood PLC, 3200 N. Central Ave., Ste. 2250, Phoenix, AZ 85012, 602-707-1480

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:16-cv-02801-SRB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## INSTRUCTIONS

A.    You are directed to produce all of the documents falling within the categories described below as they are kept in the usual course of business. In the case of electronic documents, you are directed to produce such documents in their native format.

B.    If you contend that you are entitled to withhold from production the whole or any part of any responsive documents on the basis of the attorney-client privilege, the work product doctrine, or other grounds, for each such document: (i) state the nature of the document; (ii) state the date of the document; (iii) identify the sender, author, and all recipients of the document; (iv) summarize the subject matter of the document; and (v) state the basis on which you contend that you are entitled to withhold the document from production.

C.    If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to the production of any portion of a document, the portion(s) not subject to objection should be produced with the portion(s) objected to, redacted and indicated clearly.

D.    If no documents responsive to a request are in your possession, custody or control, you shall so indicate.

E.    These requests are continuing in nature. You must produce all documents responsive to this request whenever you obtain or become aware of them.

F.    In the event that any document called for herein is known to have been destroyed (either as a result of a document destruction policy or otherwise), those documents or class of documents are to be identified as follows: addressor(s), addressee(s), indicated or blind copies, any identifying date, subject matter, number of pages, attachments or appendices, all persons to whom the document(s) or copies thereof were distributed, shown, explained, or who would otherwise have seen and/or been in

. . .

possession of the document(s) or copies thereof, the date of destruction, person(s) authorizing the destruction, and person(s) destroying the document(s).

## **DEFINITIONS**

The following terms, whether initially capitalized or not, have the following definitions:

1.     "You" or "your" means Wells Fargo Bank and any person or entity acting on its behalf.

2.     "Baseline" means Baseline & Val Vista Limited Partnership, an Arizona limited partnership.

3.     "Litchfield" means Litchfield Road Associates Limited Partnership, an Arizona limited partnership.

4.     "Any," "each," and "all" should be read to be all inclusive and to require the production of each and every document responsive to the paragraph in which the term appears.

5.     "And," "or," "and/or," and any other conjunctions or disjunctions should be read both conjunctively and disjunctively so as to require the broadest response to the paragraph in which the term appears.

6.     "Document" includes all written or graphic matter of every kind and description, whether draft or final, original, or reproduction, including, but not limited to, calendars, studies, reports, designs, plans, letters, correspondence, memoranda, notes, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, magazines, newspapers, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype or facsimile messages, minutes of meetings, interoffice communications, reports, movies, tapes for visual or audio reproduction, recordings or materials similar to any of the foregoing, however denominated, including writings, drawings, graphs, charts, photographs, phonorecords and data processing results, printouts and computations (both in existence and stored in memory components),

electronic mail message, and other compilations from which information can be obtained, or translated, if necessary, through detection devices into reasonably usable form. The term "document" includes all copies of the document which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original. The term "document" also includes information stored or archived electronically on computers, computer discs, computer tape, CD-ROM's, and any other form of electronic media storage.

7. "Concerning," "pertaining," "relating," "reflecting," "referring," "with respect to," "with regard to" and/or "regarding" are interchangeable and include alluding to, responding to, in connection with, commenting on, in respect of, about, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or any similar term, and mean any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

## DOCUMENTS TO BE PRODUCED

1. All statements dated January 1, 2013 to present relating to any account at Wells Fargo Bank that (a) is or was titled in the name of Eva Sperber-Porter (SSN: XXX-XX-3283), either individually or jointly, (b) Eva Sperber-Porter is or was a beneficiary of, or (c) Eva Sperber-Porter is or was authorized to sign on.

2. All statements dated January 1, 2013 to present relating to any account at Wells Fargo Bank that is or was titled in the name of Baseline, either by itself or jointly.

3. All statements dated January 1, 2013 to present relating to any account at Wells Fargo Bank that is or was titled in the name of Litchfield, either by itself or jointly.

4. All documents relating to the title of any account at Wells Fargo Bank that (a) is or was titled in the name of Eva Sperber-Porter, either individually or jointly, (b) Eva Sperber-Porter is or was a beneficiary of, or (c) Eva Sperber-Porter is or was authorized to sign on, including but not limited to any document relating to the opening of such account, changes in ownership of or signing authority on the account, and all signature cards for such account.

3

5.     All documents relating to the title of any account at Wells Fargo Bank that is or was titled in the name of Baseline, either by itself or jointly, including but not limited to any document relating to the opening of such account, changes in ownership of or signing authority on the account, and all signature cards for such account.

6.     All documents relating to the title of any account at Wells Fargo Bank that is or was titled in the name of Litchfield, either by itself or jointly, including but not limited to any document relating to the opening of such account, changes in ownership of or signing authority on the account, and all signature cards for such account.

7.     For each account for which statements are produced in response to Request Nos. 1 through 3 above, for transactions that cleared the account on or after January 1, 2013:

    a.  copies of the front and back of each cancelled check drawn on the account for the sum of $2,000 or greater;

    b.  any document relating to a wire transfer out of the account of the sum of $2,000 or greater, including but not limited to Fed Wire, CHIPS, SWIFT or other money transfer of message documents;

    c.  any document relating to any other withdrawal from the account for the sum of $2,000 or greater, including but not limited to debit memos and any document relating to an ACH transfer;

    d.  any document relating to any deposit into the account of the sum of $2,000 or greater, including but not limited to items deposited, deposit tickets, and credit memos.

8.     All documents relating to current or expired safe deposit box rentals by or under the signatory authority of Eva Sperber-Porter, Baseline or Litchfield, including but not limited to contracts and entry records.

9.     Customer correspondence files for Eva Sperber-Porter, Baseline and Litchfield.



RYAN RAPP & UNDERWOOD
PLC

3200 North Central Avenue, Suite 2250
Phoenix, Arizona 85012-2424
PHONE 602.280.1000 FAX 602.265.1495

August 14, 2017

**<u>Via Certified Mail</u>**

Records Custodian
Wells Fargo Bank, N.A.
Subpoena Processing
P.O. Box 29779
Phoenix, AZ  85038

> **Re:** ***Rickman Brown, et al. v. Eva Sperber-Porter, et al.***
> **USDC (AZ) Case No. 2:16-cv-02801-SRB**
> **Subpoena Directed to Wells Fargo Bank (Sperber-Porter)**

Dear Custodian:

Enclosed is a Subpoena Duces Tecum directed to Wells Fargo Bank in the above-referenced matter.  The Subpoena specifically states those documents which are required to be produced.  Please be advised that ***you need not appear*** for the deposition set forth in the enclosed Subpoena.  Rather, you may instead mail copies of the requested documents to this office.  If you elect to mail the documents, please return the requested documentation to this office on or before **September 4, 2017**.

Please note that this subpoena is also being served on the Bank's statutory agent in Arizona (Corporation Service Company).

Please also note that the enclosed Subpoena is one of two Subpoenas being served on the Bank at this time.

Thank you for your anticipated cooperation.  If you have any questions regarding the enclosed Subpoena, please contact me.

Sincerely,

J. Henk Taylor

## Notices

2:16-cv-02801-SRB Brown et al v. Sperber-Porter et al **CASE CLOSED on 12/16/2016**

APPEAL,CLOSED,STD

### U.S. District Court

### DISTRICT OF ARIZONA

**Notice of Electronic Filing**

The following transaction was entered by Taylor, James on 8/14/2017 at 10:31 AM MST and filed on 8/14/2017

| | |
|---|---|
| **Case Name:** | Brown et al v. Sperber-Porter et al |
| **Case Number:** | 2:16-cv-02801-SRB |
| **Filer:** | Rickman Brown |
| | Evans, Sholz, Williams & Warncke LLC |
| | Jeff Ross |
| | Ross Orenstein & Baudry LLC |

**WARNING: CASE CLOSED on 12/16/2016**
**Document Number:** 114

**Docket Text:**
**NOTICE re: Filing Subpoena Duces Tecum (Sperber-Porter--Wells Fargo Bank) by Rickman Brown, Evans, Sholz, Williams & Warncke LLC, Jeff Ross, Ross Orenstein & Baudry LLC . (Attachments: # (1) Exhibit 1)(Taylor, James)**

**2:16-cv-02801-SRB Notice has been electronically mailed to:**

Brian Joseph Hembd     admin@wb-law.com, brianh@wb-law.com

Carlie Shae Tovrea     ctovrea@swlaw.com, docket@swlaw.com, kbeaman@swlaw.com

Dale C Schian     ecfdocket@swazlaw.com, dschian@swazlaw.com, dstephens@swazlaw.com

Dennis Ira Wilenchik     diw@wb-law.com, admin@wb-law.com, hilarym@wb-law.com, Victorias@wb-law.com

James Edward Shively     shively@poliball.com, docket@poliball.com, woodlief@poliball.com

James Hendrik Taylor     htaylor@rrulaw.com

Jared Lynn Sutton     JSutton@lrrc.com, MLivingston@lrrc.com

Jon David Weiss     jweiss@lrrc.com, cneely@lrrc.com

**2:16-cv-02801-SRB Notice will be sent by other means to those listed below if they are affected by**

**this filing:**

BMO Harris Bank
1200 E Warrenville Rd.
Naperville, IL 60563

Wells Fargo Bank
Levy Processing
MAC s4001-01E
P.O. Box 29779
Phoenix, AZ 85038-9779

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=8/14/2017] [FileNumber=16618123-0] [26643324a8a6e8ff086c07f2cea1930f34d47814441b865fef828ac13cb37f8c81e ca73e77566f9012aac65284f4c4720fa0fe7ebc956c5dff312d5988271364f]]
**Document description:**Exhibit 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=109 6393563 [Date=8/14/2017] [FileNumber=16618123-1] [7a3e05a900d7ccee7b8a0ad35584dfe130d727ef6cc2df73c63622c493ecbe64a1 d39d884a650fe7c66b197efc35ac195b250dc6a94d2615474117ca8fc07f76]]

# EXHIBIT B





Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: (480)724-2000

August 24, 2017

NM CLEAN 1 LLC
14300 N NORTHSIGHT BLVD STE 201
SCOTTSDALE AZ 85260-3676

Subject: Legal order to release Wells Fargo records

Agency reference number: CV02801SRB
Bank reference number: 18549878

Dear NM CLEAN 1 LLC:

We want to let you know that we received a legal order from Ryan Rapp & Underwood PLC which requires us to provide them with a copy of the requested records **by 9/4/2017.**

If you'd like to take any action related to this legal order, we recommend you contact an advisor of your choice, such an attorney, for guidance as soon as possible; Wells Fargo cannot advise you in this matter.

**If you have questions**

- For questions about the legal order, we suggest you contact the requesting party directly in either of the following ways.

    - **By phone:** (602) 280-1000
    - **Mail to:**
    Ryan Rapp & Underwood PLC
    Henk Taylor
    3200 N Central Ave Ste 2250
    Phoenix AZ 85012

- For questions regarding this letter or to receive a copy of the legal order, call us at (480)724-2000,  Monday – Friday, 8:00 a.m. to 8:00 p.m. Eastern Time

Thank you.

Sincerely,

*Dawn Ward*

Dawn Ward
Operations Manager
Summons and Subpoenas Department



Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: (480)724-2000

August 24, 2017

REGAL CAR WASH XIX ASSOCIATES
14300 N NORTHSIGHT BLVD STE 201
SCOTTSDALE AZ 85260-3676

Subject: Legal order to release Wells Fargo records

Agency reference number: CV02801SRB
Bank reference number: 18549878

Dear REGAL CAR WASH XIX ASSOCIATES:

We want to let you know that we received a legal order from Ryan Rapp & Underwood PLC which requires us to provide them with a copy of the requested records **by 9/4/2017.**

If you'd like to take any action related to this legal order, we recommend you contact an advisor of your choice, such an attorney, for guidance as soon as possible; Wells Fargo cannot advise you in this matter.

**If you have questions**

- For questions about the legal order, we suggest you contact the requesting party directly in either of the following ways.

  - **By phone:** (602) 280-1000
  - **Mail to:**
    Ryan Rapp & Underwood PLC
    Henk Taylor
    3200 N Central Ave Ste 2250
    Phoenix AZ 85012

- For questions regarding this letter or to receive a copy of the legal order, call us at (480)724-2000,  Monday – Friday, 8:00 a.m. to 8:00 p.m. Eastern Time

Thank you.

Sincerely,

*Dawn Ward*

Dawn Ward
Operations Manager
Summons and Subpoenas Department



Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: (480)724-2000

August 24, 2017


REGAL CAR WASH XXIII ASSOCIATES LLC
14300 N NORTHSIGHT BLVD STE 201
SCOTTSDALE AZ 85260-3676


Subject: Legal order to release Wells Fargo records

Agency reference number: CV02801SRB
Bank reference number: 18549878

Dear REGAL CAR WASH XXIII ASSOCIATES LLC:

We want to let you know that we received a legal order from Ryan Rapp & Underwood PLC which requires us to provide them with a copy of the requested records **by 9/4/2017.**

If you'd like to take any action related to this legal order, we recommend you contact an advisor of your choice, such an attorney, for guidance as soon as possible; Wells Fargo cannot advise you in this matter.


**If you have questions**

- For questions about the legal order, we suggest you contact the requesting party directly in either of the following ways.

  - **By phone:** (602) 280-1000
  - **Mail to:**
    Ryan Rapp & Underwood PLC
    Henk Taylor
    3200 N Central Ave Ste 2250
    Phoenix AZ 85012

- For questions regarding this letter or to receive a copy of the legal order, call us at (480)724-2000, Monday – Friday, 8:00 a.m. to 8:00 p.m. Eastern Time

Thank you.

Sincerely,

*Dawn Ward*

Dawn Ward
Operations Manager
Summons and Subpoenas Department

# EXHIBIT C



# WILENCHIK & BARTNESS
### A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810       Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
Brian J. Hembd, #029817
admin@wb-law.com
*Attorneys for Intervenors*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Rickman Brown; Jeff Ross; Evans, Sholz, Williams, & Warncke, LLC; and Ross Orenstein & Baudry, LLC, f/k/a Ross & Orenstein, LLC,** | **Case No. 2:16-cv-02801-SRB** |
| **Petitioners,** | **MOTION TO QUASH** |
| **v.** | |
| **Eva Sperber-Porter; Baseline & Val Vista Associates, LP; Litchfield Road Associates, LP; Joseph and Helen Baldino; the Baldino Family Revocable Living Trust, Joseph and Helen Baldino Trustees; and the Meridian Financial Corporation Profit Sharing and Retirement Trust,** | |
| **Respondents.** | |
| **Regal Car Wash XIX Associates, LP, Regal Car Wash XXIII Associates, LLC and NM Clean I, LLC,** | |
| **Intervenors.** | |

Pursuant to Rules 45(d)(3)(A) and 45(d)(3)(B) Fed. R. Civ. P., Regal Car Wash XIX

Associates, LP, Regal Car Wash XXIII Associates, LLC and NM Clean I, LLC (collectively

"Intervenors") hereby move to quash the subpoena issued to Wells Fargo in this matter. This Motion is supported by the following memorandum of points and authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Intervenors, Regal Car Wash XIX Associates, LP, Regal Car Wash XXIII Associates, LLC and NM Clean I, LLC (collectively "Intervenors") pursuant to Rules 45(d)(3)(A) and 45(d)(3)(B) Fed. R. Civ.P., move the Court for an Order quashing the subpoena served upon Wells Fargo Bank, NA ("Wells Fargo").  The Subpoena served upon Wells Fargo seeks production of Intervenors' bank statements from January 1, 2013 forward.  The subpoena must be quashed because (i) it requires the disclosure of privileged or other protected matter; (ii) it seeks the production of confidential commercial information; and (iii) Plaintiffs have failed to demonstrate that their need to obtain the Intervenors' private and confidential bank records outweighs the Intervenors' interest in nondisclosure.

Plaintiffs obtained a judgment against Eva Sperber-Porter, as to her sole and separate property only, and against other defendants. The judgment arose from an arbitration award issued on July 27, 2016.  That arbitration award was confirmed by the court in this case on December 14, 2016.

Plaintiffs served a subpoena duces tecum on Wells Fargo seeking bank statements and account information for bank accounts in the name of Eva Sperber-Porter as well as for any bank accounts for which Eva Sperber-Porter was a signatory. Although the judgment in this case was not entered until December 14, 2016, Plaintiffs seek bank account information and documents extending back as far as January 1, 2013 – a four year time frame.

Each of the Intervenors owns and operates a car wash.  Each Intervenor is a separate legal entity; a limited liability company, or in the case of Regal XIX, a limited partnership.  Each of the Intervenors is managed by a manager or general partner, which manager or general partner is also a legal entity.  Each Intervenor has multiple members; investors who purchased and own membership interests or limited partnership interests in the Intervenors.  While Eva Sperber-

Porter is a signatory' on the bank accounts for the Intervenors, her interest in the Intervenors is that of a member or limited partner.  Further, her membership interests and limited partnership interests in the Intervenors are community property and thus are not subject to Plaintiffs' judgment.

The bank records sought by Plaintiffs are property of the Intervenors.  Consequently, Intervenors have standing to challenge the third party subpoena served upon Wells Fargo. *Schulovich v. 1161 Rt. 9, LLC*, 2007 WL 2362598 at 2-3 (D.N.J. 2007)(Personal rights claimed with respect to bank account records provide sufficient standing to challenge a third party subpoena served upon financial institution holding such information); *Fullbright v. State Farm Mutual Automobile Ins. Co.,* 2010 WL 273690 (W.D. Okla. 2010) (Persons have a privacy right in their personal financial affairs with respect to their bank account records at the subpoenaed bank and this right gives them standing to move to quash the subpoena); *Arias – Zeballos v. Tan,* 2007 WL 210112 (S.D.N.Y. 2007)(same);  *Catskill Development, LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)(A party whose bank records are subpoenaed has standing to oppose the subpoena).

As owners of the bank accounts, Intervenors have standing to object to the subpoena of their bank records held by Wells Fargo.  Moreover, Rule 45(d)(3)(B) Fed.R.Civ.P. states that a subpoena may be quashed or modified "to protect a person subject to or affected by a subpoena . . . ."  Here, Intervenors have standing to quash the subpoena because they are persons that are affected by the subpoena.

Pursuant to Rule 45(d)(3)(A), a court must quash a subpoena that that requires disclosure of privileged or other protected matter. Pursuant to Rule 45(d)(3)(B), the court may quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research, development or commercial information.  Both protections apply here.

Bank depositors have the right to privacy in their financial records and a bank is obligated to keep secret its records of accounts, deposits and withdrawals. 5A Michie, *Banks*

*and  Banking*, Sec. 1 (1973); *Burrows v. Superior Court*, 529 P.2d 590 (Cal. 1974); *Milohnich v. First National Bank*, 224 So.2d 759 (Fla. App. 1969); *Richfield Bank & Trust Co. v. Sjogern*, 244 N.W.2d 648 (Minn. 1976); *Brex v. Smith*, 146 A. 34 (N.J. 1929). *See also Suburban Trust Co. v. Waller*, 408 A.2d 758 (Md. App. 1979)(A bank depositor has the right to expect that a bank will treat as confidential all information related to the depositors' accounts and related transactions); *State v. McAllister*, 875 A.2d 866 (N.J. 2005). Since Plaintiffs seek private, privileged and confidential information of the Intervenors, the subpoena must be quashed.

Moreover, Plaintiffs must also demonstrate that the need for discovery of the Intervenors' private bank records outweighs the Intervenors privacy interests in the nondisclosure.  Rule 45 is subject to the same discovery scope as set forth in Rule 26, Fed.R.Civ.P.  *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)(In considering whether to quash a subpoena duces tecum, the court must also consider whether the subpoena is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b)).

Under Rule 26(b), parties may obtain discovery regarding any non-privileged matter that is relevant to a parties claim or defense.  However, this "relevance" standard is limited as to third parties.  As noted by the court in *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980), "[w]hile discovery is a valuable right and should not be unreasonably restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery. There appears to be quite strong considerations indicating that . . . discovery would be more limited to protect third parties from harassment, inconvenience or disclosure of confidential documents." (citations omitted).  *See also Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards of non-party discovery . . . require a stronger showing of relevance than for simple party discovery."); *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990)(same).

To obtain discovery from a nonparty, a party must demonstrate that its need for the discovery outweighs the nonparty's interest in nondisclosure.  *Slater Steel Inc. v. Vac-Air Alloy Corp.*, 107 F.R.D. 246, 248 (W.D.N.Y. 1985). District courts may limit the scope of discovery

after balancing a number of interests.  *Slate v. ABC*, 802 F.Supp.2d 22, 26 (D.D.C. 2011).  One of the interests that may be included in the district court's balancing is a right to privacy. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1989).  *See also Hardie v. National Collegiate Athletic Ass'n,* 2013 WL 6121885 at *3 (S.D. Cal. 2013)(providing "federal courts recognize that a right to privacy can be raised in response to discovery requests.")

Here, Plaintiffs have made no showing that their interest in obtaining private bank records from the third party Intervenors, who have no involvement in this litigation, outweighs the Intervenors' privacy and confidentiality interests in their bank records The subpoena to Wells Fargo must be quashed.

Based on the foregoing, Intervenors hereby respectfully request that the Court quash the subpoena served on Wells Fargo.

**RESPECTFULLY SUBMITTED** September 25, 2017.

**WILENCHIK & BARTNESS PC**

/s/ Dennis I. Wilenchik
Dennis I. Wilenchik, Esq.
Brian J. Hembd, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona  85004
admin@wb-law.com
*Attorneys for Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2017, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the individuals registered.

*By:* */s/* Wendy L. Echols

