# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickman Brown, et al., | No. CV-16-02801-PHX-SRB |
| Petitioners, | **ORDER** |
| v. | **AND** |
| Eva Sperber-Porter, et al., | **REPORT AND RECOMMENDATION** |
| Respondents. | |

Petitioners/Judgment Creditors Rickman Brown; Jeff Ross; Evans, Sholz, Williams & Warncke LLC; and Ross and Orenstein LLC f/k/a Ross, Orenstein & Baudry LLC (collectively, "Petitioners"), and Respondent/Judgment Debtors Eva Sperber-Porter, Baseline and Val Vista Limited Partnership ("Baseline"), and Litchfield Road Associates Limited Partnership ("Litchfield") (collectively, the "ESP Entities"), have filed a Stipulation Re: Pending Charging Orders and Joint Motion to Vacate Hearing. (Doc. 242).  Petitioners have also filed a Withdrawal of Petitions for Charging Orders. (Doc. 243).  As set forth below, the Court enters an order vacating the hearing set for April 4, 2018, and recommends the entry of the parties' stipulated proposed charging orders and an order denying as moot the withdrawn charging orders.

Petitioners and the ESP Entities state they have resolved all issues related to Petitioners' petitions for charging orders against Sperber-Porter's interests in Baseline (Doc. 169), Litchfield (Doc. 170), TDI Terraplan Development LLC ("TDI") (171), Regal Car Wash XIX Associates Limited Partnership ("Regal 19") (Doc. 172), and Regal

Car Wash XXIII Associates LLC ("Regal 23") (Doc 173), and Petitioners' petition for a charging order against Baseline's interest in 44 CP I Loan LLC ("44 CP").  (Doc. 174.) Therefore, the parties ask the Court to vacate the hearing set for April 4, 2018 to address these petitions, and to vacate the deadline for the parties to file witness lists and a joint exhibit list.  (Doc. 242 at 4.)  The stipulation and joint motion includes stipulated proposed charging orders against Sperber-Porter's interests in Baseline, Litchfield, and TDI, and the parties ask the Court to enter the proposed charging orders.  (Doc. 242, Exs. A, B, and C.)  Petitioners also withdraw their petitions for charging orders against Sperber-Porter's interest in Regal 19 and Regal 23, and their petition for a charging order against Baseline's interest in CP 44.  (Doc. 243.)

Because the parties have resolved all issues related to the above-referenced petitions for charging orders (Docs. 169, 170, 171, 172, 173, and 174), the Court finds that the April 4, 2018 hearing is no longer necessary and will vacate the hearing and the deadline for filing witness and exhibit lists.  Based on the briefing on the petitions for charging orders, and Ariz. Rev. Stat. §§ 29-341 and 29-655, the Court finds that the petitions for charging orders against Sperber-Porter's interests in Baseline, Litchfield, and TDI (Docs. 169, 170, and 171) should be granted and the parties' stipulated proposed charging orders should be entered.  The Court finds that the petitions for charging orders against Sperber-Porter's interest in Regal 19 (Doc. 172) and Regal 23 (Doc. 173), and their petition for a charging order against Baseline's interest in CP 44 (Doc. 174), which Petitioners have withdrawn, should be denied as moot.  Therefore, the Court will recommend the entry of the stipulated proposed charging orders, and an order denying as moot the withdrawn petitions for charging orders.

Accordingly,

**IT IS ORDERED** that the hearing set for **April 4, 2018 at 10:30 am** before Magistrate Judge Bridget S. Bade is **VACATED**.  The April 2, 2018 deadline for the parties to file witness lists and a joint exhibit list is **VACATED**.

**IT IS RECOMMENDED** that Petitioners' petitions for charging orders (Docs. 169, 170, and 171) be **GRANTED** and that the Court enter charging orders against Eva Sperber-Porter's interests in Baseline, Litchfield, and TDI, as set forth in Attachments A, B, and C.

**IT IS FURTHER RECOMMENDED** that Petitioners' withdrawn petitions for charging orders (Docs. 172, 173, and 174) be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 29th day of March, 2018.

_____

Bridget S. Bade
United States Magistrate Judge

- 3 -

# Attachment A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rickman Brown, et al., | No. CV-16-02801-PHX-SRB |
| Petitioners, | **STIPULATED CHARGING ORDER AGAINST THE INTERESTS OF EVA SPERBER-PORTER IN BASELINE AND VAL VISTA LIMITED PARTNERSHIP** |
| v. | |
| Eva Sperber-Porter, et al., | |
| Respondents. | |

Petitioners/Judgment Creditors Rickman Brown; Jeff Ross; Evans, Sholz, Williams & Warncke LLC; and Ross and Orenstein LLC f/k/a Ross, Orenstein & Baudry LLC (collectively, "Petitioners") filed a petition (Doc. 169)(the "Petition") with the Court on November 27, 2017, seeking a Charging Order against the interests of Respondent/Judgment Debtor Eva Sperber-Porter in the Arizona limited partnership registered as Baseline and Val Vista Limited Partnership ("Baseline"), of which she is a partner.

The Court issued its Order (Doc. 206) directing that Mrs. Sperber-Porter and Baseline show cause why the Court should not grant the relief requested in the Petition.

Following entry of the Order, Petitioners and Mrs. Sperber-Porter filed a "Stipulation Re: Pending Petitions for Charging Orders and Joint Motion to Vacate Hearing" (Doc. 242) ("Stipulation") as to Mrs. Sperber-Porter's interests in Baseline and other entities, agreed to the entry of this Order.

The Court has considered the Petition and Stipulation (Docs. 169, 242), and finds:

1.      Petitioners obtained a Judgment against Mrs. Sperber-Porter in this action on December 16, 2016 in the amount of $1,620,683.79, of which $922,694.64 is contingent, broken down as follows:

| | | |
|---|---|---|
| Paragraph 9 | $ | 40,708.20 |
| Paragraph 11 | $ | 544,579.50 |
| Paragraph 11 | $ | 101,470.80 |
| Paragraph 12 | $ | 11,310.30 (142 days x $79.65 per day) |

2.      After application of the recoveries received to date, the non-contingent principal amounts due as of the date of this Order under the Judgment total $640,704.19, which is comprised of a net remaining fee award of $539,233.39 and the full cost award of $101,470.80 granted under Paragraph 11 of the Judgment.

3.      The outstanding balance due on the underlying Judgment, together with interest and accrued costs, as of February 15, 2018, is the sum of $640,865.69, and interest accrues at the rate of $16.15 per day.

4.      Mrs. Sperber-Porter has interests in Baseline.

5.      Pursuant to the provisions of A.R.S. § 29-341, Petitioners are entitled to an Order charging the interests of Mrs. Sperber-Porter in Baseline, with payment of the unsatisfied amount of the Judgment, including all contingent sums as they become non-contingent, effective _____, 2018.

Therefore,

**IT IS ORDERED**:

1.      Petitioners are granted an Order charging the interests of Mrs. Sperber-Porter in Baseline, effective _____, 2018, with payment of the unsatisfied amount of the Judgment, including all contingent sums as they become non-contingent.

2.      Baseline, and the partners of the limited partnership, are ordered to refrain from paying any sums to Mrs. Sperber-Porter or her assignees on or after _____,

2018, until Petitioners' Judgment (including all contingent suns as they become non-contingent) is satisfied in full.

3.    Baseline, and the partners of the limited partnership, are directed to pay to Petitioners any monies or profits due or to become due to Mrs. Sperber-Porter or her assignees on or after _____, 2018.  Payments are to be sent to Petitioners through their counsel of record in this matter.

Attachment B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickman Brown, et al., | No. CV-16-02801-PHX-SRB |
| Petitioners, | |
| v. | **STIPULATED CHARGING ORDER AGAINST THE INTERESTS OF EVA SPERBER-PORTER IN LITCHFIELD ROAD ASSOCIATES LIMITED PARTNERSHIP** |
| Eva Sperber-Porter, et al., | |
| Respondents. | |

Petitioners/Judgment Creditors Rickman Brown; Jeff Ross; Evans, Sholz, Williams & Warncke LLC; and Ross and Orenstein LLC f/k/a Ross, Orenstein & Baudry LLC (collectively, "Petitioners") filed a petition (Doc. 170)(the "Petition") with the Court on November 27, 2017, seeking a Charging Order against the interests of Respondent/Judgment Debtor Eva Sperber-Porter in the Arizona limited partnership registered as Litchfield Road Associates Limited Partnership ("Litchfield"), of which she is a partner.

The Court issued its Order (Doc. 206) directing that Mrs. Sperber-Porter and Baseline show cause why the Court should not grant the relief requested in the Petition.

Following entry of the Order, Petitioners and Mrs. Sperber-Porter filed a "Stipulation Re: Pending Petitions for Charging Orders and Joint Motion to Vacate

Hearing" (Doc. 242) ("Stipulation") as to Mrs. Sperber-Porter's interests in Litchfield and other entities, and agreed to the entry of this Order.

The Court has considered the Petition and Stipulation (Docs. 170, 206), and finds:

1.    Petitioners obtained a Judgment against Mrs. Sperber-Porter in this action on December 16, 2016 in the amount of $1,620,683.79, of which $922,694.64 is contingent, broken down as follows:

| | | |
|---|---|---|
| Paragraph 9 | $ | 40,708.20 |
| Paragraph 11 | $ | 544,579.50 |
| Paragraph 11 | $ | 101,470.80 |
| Paragraph 12 | $ | 11,310.30 (142 days x $79.65 per day) |

2.    After application of the recoveries received to date, the non-contingent principal amounts due as of the date of this Order under the Judgment total $640,704.19, which is comprised of a net remaining fee award of $539,233.39 and the full cost award of $101,470.80 granted under Paragraph 11 of the Judgment.

3.    The outstanding balance due on the underlying Judgment, together with interest and accrued costs, as of February 15, 2018, is the sum of $640,865.69, and interest accrues at the rate of $16.15 per day.

4.    Mrs. Sperber-Porter has interests in Litchfield.

5.    Pursuant to the provisions of A.R.S. § 29-341, Petitioners are entitled to an Order charging the interests of Mrs. Sperber-Porter in Litchfield, with payment of the unsatisfied amount of the Judgment, including all contingent sums as they become non-contingent, effective _____, 2018.

Therefore,

**IT IS ORDERED**:

1.    Petitioners are granted an Order charging the interests of Mrs. Sperber-Porter in Litchfield, effective _____, 2018, with payment of the unsatisfied amount of the Judgment, including all contingent sums as they become non-contingent.

2.     Litchfield, and the partners of the limited partnership, are ordered to refrain from paying any sums to Mrs. Sperber-Porter or her assignees on or after _____, 2018, until Petitioners' Judgment (including all contingent suns as they become non-contingent) is satisfied in full.

3.     Litchfield, and the partners of the limited partnership, are directed to pay to Petitioners any monies or profits due or to become due to Mrs. Sperber-Porter or her assignees on or after _____, 2018.  Payments are to be sent to Petitioners through their counsel of record in this matter.

Attachment C

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickman Brown, et al., | No. CV-16-02801-PHX-SRB |
| Petitioners, | **STIPULATED CHARGING ORDER AGAINST THE INTERESTS OF EVA SPERBER-PORTER IN TDI TERRAPLAN DEVELOPMENT LLC** |
| v. | |
| Eva Sperber-Porter, et al., | |
| Respondents. | |

Petitioners/Judgment Creditors Rickman Brown; Jeff Ross; Evans, Sholz, Williams & Warncke LLC; and Ross and Orenstein LLC f/k/a Ross, Orenstein & Baudry LLC (collectively, "Petitioners") filed a petition (Doc. 171)(the "Petition") with the Court on November 27, 2017, seeking a Charging Order against the interest of Respondent/Judgment Debtor Eva Sperber-Porter in the Arizona limited liability company registered as TDI Terraplan Development LLC ("TDI"), of which she is a member.

The Court issued its Order (Doc. 206) directing that Mrs. Sperber-Porter and TDI show cause why the Court should not grant the relief requested in the Petition.

Following entry of the Order, Petitioners and Mrs. Sperber-Porter filed a "Stipulation Re: Pending Petitions for Charging Orders and Joint Motion to Vacate Hearing" (Doc. 242) ("Stipulation") as to Mrs. Sperber-Porter's interest in TDI, and agreed to the entry of this Order.

The Court has considered the Petition and Stipulation (Docs. 171, 242), and finds:

1.    Petitioners obtained a Judgment against Mrs. Sperber-Porter in this action on December 16, 2016 in the amount of $1,620,683.79, of which $922,694.64 is contingent, broken down as follows:

Paragraph 9   $      40,708.20

Paragraph 11 $      544,579.50

Paragraph 11 $      101,470.80

Paragraph 12 $      11,310.30 (142 days x $79.65 per day)

2.    After application of the recoveries received to date, the non-contingent principal amounts due as of the date of this Order under the Judgment total $640,704.19, which is comprised of a net remaining fee award of $539,233.39 and the full cost award of $101,470.80 granted under Paragraph 11 of the Judgment.

3.    The outstanding balance due on the underlying Judgment, together with interest and accrued costs, as of February 15, 2018, is the sum of $640,865.69, and interest accrues at the rate of $16.15 per day.

4.    Mrs. Sperber-Porter currently holds 51 percent of the membership interest in TDI.

5.    Twenty (20) percent of the membership interest in TDI currently held by Mrs. Sperber-Porter is her sole and separate property (the "Sole and Separate Interest").

6.    The remaining 31 percent of the membership interest in TDI currently held by Mrs. Sperber-Porter is a community asset of the marital community of Mrs. Sperber-Porter and Mark Svejda.

7.    Pursuant to the provisions of A.R.S. § 29-655, Petitioners are entitled to an Order charging the Sole and Separate Interest, with payment of the unsatisfied amount of the Judgment, including all contingent sums as they become non-contingent, effective _____, 2018.

- 14 -

Therefore,

**IT IS ORDERED**:

1.      Petitioners are granted an Order charging 20 percent of the membership interest in TDI, effective _____, 2018, with payment of the unsatisfied amount of the Judgment, including all contingent sums as they become non-contingent.

2.      On or after _____, 2018, and until Petitioners' Judgment (including all contingent suns as they become non-contingent) is satisfied in full, TDI, and the members and managers of TDI, are ordered to refrain from paying any sums to any member of TDI on account of their membership interest in TDI unless Petitioners receive their pro rata 20 percent share of such distribution at the same time as other members receive their pro rata share.   In other words, no distribution shall be made on account of a membership interest in TDI unless at the time such distribution is made to other members of TDI, Petitioners receive their pro rata 20 percent share of the total distribution to TDI's members.

3.      TDI, and the members and managers of TDI, are directed to pay to Petitioners any monies or profits due or to become due to Mrs. Sperber-Porter or her assignees on account of the Sole and Separate Interest on or after _____, 2018.   Payments are to be sent to Petitioners through their counsel of record in this matter.