WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickman Brown, et al., | No. CV-16-02801-PHX-SRB |
| Petitioners, | **ORDER** |
| v. | |
| Eva Sperber-Porter, et al., | |
| Respondents. | |

Petitioners/Judgment Creditors Rickman Brown, Jeff Ross, Evans, Sholz, Williams & Warncke LLC, and Ross and Orenstein LLC f/k/a Ross, Orenstein & Baudry LLC ("Petitioners") have filed a Motion to Compel Compliance with Subpoenas. (Doc. 256.) The motion pertains to subpoenas to testify at a deposition that Petitioners served on Respondents Joseph and Helen Baldino. (Docs. 252, 254; Doc. 256, Exs. A, B.) The Baldinos objected to the subpoenas and Petitioners filed the pending motion to compel.[1] (Docs. 250, 256.) The motion to compel is fully briefed. (Docs. 262, 267.)

Petitioners have also filed a Motion to Authorize Service of Subpoenas. (Doc. 293.) This motion pertains to subpoenas that Petitioners intend to serve on non-parties Vantage Retirement Plans LLC, Mortgages Ltd. Opportunity Fund MP15 LLC, and Mortgages Ltd. Opportunity Fund MP17 LLC (collectively the "Non-Party LLCs"). Petitioners filed a notice of intent to serve subpoenas on the Non-Party LLCs (Doc. 279),

---

[1] The Court refers to Respondents Joseph Baldino and Helen Baldino, husband and wife, the Baldino Family Revocable Living Trust, and the Meridian Financial Corporation Profit Sharing and Retirement Trust as the "Baldinos."

and the Baldinos filed an objection to the notice of intent to serve subpoenas. (Doc. 285.) In response to the objection, Petitioners did not serve the subpoenas and filed the pending motion to authorize service of the subpoenas. (Doc. 293.) The motion to authorize service of subpoenas is fully briefed. (Docs. 295, 299.)

In their motion to compel, Petitioners request an order (a) granting their motion, (b) instructing the Baldinos to produce the documents described in the subpoenas, and (c) instructing the Baldinos to appear for depositions at mutually-convenient dates and times, but in any event no earlier than seven days and no later than fourteen days after production of the documents. (Doc. 256.) In the motion to authorize service of subpoenas, Petitioners request an order that (a) overrules the Baldinos' objections to subpoenas that Petitioners intend to serve on the Non-Party LLCs, and (2) authorizes Petitioners to serve the subpoenas on the Non-Party LLCs. (Doc. 293.) As set forth below, the Court grants Petitioners' motions.[2]

I. **Background**

On December 16, 2016, the Court entered a judgment (the "Judgment") in this action affirming an arbitrator's July 27, 2016 award in favor of Petitioners and against Respondents Eva Sperber-Porter, Baseline & Val Vista Associates, LP, Litchfield Road Associates, LP, Joseph Baldino and Helen Baldino, husband and wife, the Baldino Family Revocable Living Trust, and the Meridian Financial Corporation Profit Sharing and Retirement Trust (collectively the "Respondents"). (Doc. 33.) That Judgment entitled Petitioners to a 21.5 percent contingency fee in connection with the GT Settlement, post-settlement interest, attorneys' fees, and costs.[3] (Doc. 33; *see* Doc. 313 at 2.) The Judgment provided for two types of damages: legal fees and costs ("Current

---

[2] Pursuant to the Court's Order (Doc. 320), on August 17, 2018 the parties filed a joint status report notifying the Court that the pending motions have not been resolved. (Doc. 324 at 2.)

[3] The Court's August 2, 2018 Order discusses in detail the history of this case and related state court matters, including the GT Settlement. (Doc. 313.) The Court does not reiterate that history in this Order.

- 2 -

Amount"), and contingency fees and post-settlement interest ("Delay Damages"). (Doc. 33; Doc. 313 at 3.)

On November 27, 2017, Petitioners filed a petition for a charging order against the Baldinos' interest in Mortgages Ltd. Opportunity Fund MP17 LLC ("MP17"). (Doc. 168.) The Baldinos objected to this petition for a charging order, in part, because they asserted that Judgment Debtor Meridian's interest in MP17 was held in an individual retirement account (IRA) at Vantage Retirement Plans LLC for the benefit of Joseph Baldino. (Doc. 213.) On April 2, 2018, the Court held a hearing to address the petition and the Baldinos' objections. (Doc. 245.) At the parties' request, the Court set a discovery schedule and set a July 2, 2018 evidentiary hearing on the petition for a charging order.[4] (Docs. 168, 247.)

On January 25, 2018, Petitioners obtained a general writ of execution against the Baldinos. (Doc. 224.) On February 16, 2018, Petitioners obtained an amended writ of general execution (the "amended writ") against the Baldinos that calculated damages after applying interest and recoveries already received. (Doc. 233.) On March 23, 2018, Petitioners served on Helen and Joseph Baldino subpoenas to appear at depositions. (Doc. 256, Exs. A, B.) On April 6, 2018, the Baldinos filed an objection to the subpoenas and, on April 10, 2018, Petitioners filed the pending motion to compel. (Docs. 250, 256.)

In April 2018, Respondents paid $436,340.86 of the $641.899.29 due on the Current Amount. (Doc. 313 at 4.) Respondents deposited the remainder, $205,558.42, with the Court. (*Id*.) On April 20, 2018, the Baldinos filed a motion for relief from judgment pursuant to Rule 60(b)(5) and asserted that the Judgment had been satisfied. (Doc. 260.) Respondents Eva Sperber-Porter, Baseline & Val Vista Associates, LP, and Litchfield Road Associates LP (collectively "Sperber-Porter") filed a joinder to the

---

[4] Petitioners also filed a petition for a charging order against the Baldinos' interests in Mortgages Ltd. Opportunity Fund MP15 LLC ("MP15"). (Doc. 167.) The Baldinos did not object to the petition for a charging order against their interests in MP15 and, at the April 2, 2018 hearing, Petitioners agreed to submit a proposed form order. As discussed at the status hearing on August 22, 2018, Petitioners inadvertently failed to submit the proposed order.

Baldinos' motion for relief from judgment. (Doc. 272.) Sperber-Porter also filed a motion to release judgment lien. (Doc. 276.) Similar to the Baldinos' motion for relief from judgment, Sperber-Porter's motion argued that the Judgment was satisfied and, therefore, the lien must be released. (*Id*.)

On May 14, 2017, as part of the discovery related to the Baldinos' objection to the petition for a charging order, Petitioners filed a notice of intent to serve subpoenas *duces tecum* on the Non-Party LLCs. (Doc. 279.) Before Petitioners served the subpoenas on the Non-Party LLCs, the Baldinos filed an objection to the subpoenas on the ground that the Judgment had been satisfied. (Doc. 285.) Petitioners withheld service of the subpoenas pending resolution of the objection and, on May 23, 2018, filed the pending motion to authorize service of the subpoenas. (Doc. 293.) In their motion to authorize service of the subpoenas, Petitioners argued that the Judgment had not been paid and, therefore, the subpoenas are appropriate. (*Id*. at 4-5.)

On July 20, 2018, while their motion for relief from judgment was pending, the Baldinos filed an Amended Motion for Satisfaction from Judgment Pursuant to Rule 60. (Doc. 302.) In the amended motion, the Baldinos again ask the Court to find that the Judgment was satisfied based on Petitioners' receipt of the GT Settlement funds. (*Id*.) Petitioners filed a response to the amended motion and dispute that the Judgment has been satisfied by the GT Settlement funds because they have not received the GT Settlement funds and, when they receive the funds, they will be interpleading those funds in the state court matter. (Doc. 307.) On August 6, 2018, the Baldinos filed a reply is support of their amended motion. (Doc. 314.) On August 10, 2018, Petitioners filed a motion for leave to file a sur-reply. (Doc. 316.)

Meanwhile, on August 2, 2018, the Court denied the Baldinos' motion for relief from judgment and Sperber-Porter's motion to release judgment lien. (Doc. 313.) The Court noted that as of April 2018, the Current Amount was $641,899.29. (*Id*. at 3.) In April 2018, Respondents paid $436,340.86 of the $641.899.29 due on the Current Amount. (*Id*. at 4.) Respondents deposited the remainder, $205,558.42, with the Court.

(*Id.*) The Delay Damages were subject to, and contingent upon, Respondents' appeal of the GT Settlement. (*Id.*) On July 3, 2018, the Arizona Supreme Court denied Respondents' review petition and, therefore, the Court concluded that the "alleged contingency of the Delay Damages is moot." (*Id.* at 3, 10.)

In the August 2, 2018 Order, the Court stated that with the deposit of the $205,558.43, "Respondents pay the remainder of the April 20, 2018 calculation of the Current Amount." (*Id.* at 9.) The Court directed the Clerk of Court to pay Petitioners the $205,558.43 that Respondents had deposited with the Court. (*Id.* at 10; *see* Docs. 315, 323.) The Court stated that "[t]he Judgment will not be satisfied until the funds are paid from the GT Settlement, as well as accrued interest since April 20, 2018." (Doc. 313 at 9-10.) Therefore, the Court denied Respondents' motion for relief from judgment under Rule 60(b)(5). (*Id.* at 9.) The Court also denied Sperber-Porter's motion to release judgment lien. (*Id.*) The Court has not ruled on the Baldinos' amended motion for satisfaction of the judgment.

## II. Requests to Stay Discovery

Petitioners filed the pending motion to compel before the Baldinos filed their motion for relief from judgment. (Docs. 256, 260.) However, the motion to compel was fully briefed before the Court's August 2, 2018 Order denying the motion for relief from the judgment. (Docs. 250, 256, 262, 267.) In their reply in support of the motion to compel, filed May 1, 2018, Petitioners disputed Respondents' argument that they should not be required to comply with the subpoenas because the Judgment was satisfied, and noted that argument would "presumably be resolved by this Court in ruling on the Baldinos' pending Rule 60 motion." (Doc. 267 at 2.) Petitioners then stated that "[a]t that point, if the Court denies the Baldinos' Rule 60 motion, the Court should order them to immediately comply with the subpoenas." (*Id.*) Petitioners also incorporated by reference their response to the Rule 60 motion. (*Id.*) Thus, it appears that Petitioners were suggesting that the Court should not rule on the motion to compel until after a ruling on the Baldinos' motion for relief from judgment. However, approximately a month

later, on June 7, 2018 in their motion to authorize service of subpoenas, Petitioners asserted that the Court should rule on that motion without waiting for resolution of the Rule 60 motion. (Doc. 293 at 4.)

On July 2, 2018, the parties requested that the Court delay ruling on the pending discovery motions. (Doc. 300.) The parties filed a joint motion to vacate an evidentiary hearing and related discovery deadlines related to the petition for a charging order against the Baldinos' interest in MP17. (*Id*.) The parties explained that after the Court set the evidentiary hearing, the Baldinos had filed a motion for relief from the judgment and that the motion was briefed and pending a ruling. (*Id*. at 2.) The parties also noted that Petitioners had sought discovery related to the motion for a charging order through subpoenas seeking testimony and documents, Respondents had objected to the subpoenas, and Petitioners had filed motions seeking enforcement or authorizing service of the subpoenas. (*Id*. at 2-3.) The parties stated that "[g]iven the Court has not ruled on the Rule 60 motion or the Subpeona Motions, Petitioners and the Baldino Debtors submit it is premature to litigate the issue of a charging order . . . ." (*Id*. at 3.) The parties asked the Court to vacate the evidentiary hearing and set a status hearing to "resolve any remaining issues related to the subpoenas and set new deadlines and a new evidentiary hearing date." (*Id* )

The Court granted the stipulated motion and vacated the evidentiary hearing and related discovery deadlines. (Doc. 301.) The Court stated that it would set a status hearing after a ruling on the Rule 60 motion for relief from the judgment. (*Id*.) The Court ordered the parties to file a joint status report, "within seven days of a ruling on the Rule 60 motion," addressing the status of any pending motions. (*Id*. at 2.) The Court entered an order on the Rule 60 motion on August 2, 2018 (Doc. 313), but the parties did not file the joint status report, as ordered. (Doc. 323.) Therefore, the Court entered an order *sua sponte* setting a status hearing on the pending motions. (*Id*.)

Meanwhile, on July 6, 2018, a few days after the parties filed the stipulation to vacate the evidentiary hearing, the Baldinos filed their amended motion for satisfaction of

judgment. (Doc. 304.) On July 20, 2018, in their response to the amended motion for satisfaction of judgment, Petitioners apparently concluded that Respondents' motions asserting satisfaction of the judgment were an attempt to improperly delay or prevent post-judgment discovery. (Doc. 307.) In their response, Petitioners stated that they "assume" the Court has "held off ruling on these motions pending the Court's resolution of the original Rule 60 motion," and argued that the Baldinos' motion for relief from judgment and amended motion for satisfaction of judgment were an improper "de facto stay of discovery." (*Id*. at 6-7.)

### III. Motion to Compel

Petitioners' motion to compel asks the Court to order the Baldinos to comply with subpoenas seeking documents and testimony. The Baldinos initially objected to the subpoenas because they asserted that they had not been given a reasonable time to respond and that they had been "precluded" from tendering the Current Amount due on the judgment because the amended writ of execution did not accurately state the Current Amount. (Doc. 250.) Petitioners subsequently filed the pending motion to compel compliance with the subpoenas. (Doc. 256.) Petitioners agreed to allow the Baldinos thirty days from the date of service to respond to the subpoenas and argued that the amended writ of general execution included a revised accounting of the amount due under the Judgment. (*Id*. at 3, 5.) Petitioners also disputed the Baldinos' argument that they had been precluded from paying the Judgment, and asserted that "inability to tender payment of a judgment" is not a basis to quash or modify a subpoena under Rule 45. (*Id*. at 5-6.) Therefore, the Court finds that Petitioners responded to and resolved the Baldinos' objections to the subpoenas.

In response to the motion to compel, the Baldinos asserted the additional argument that the subpoenas were moot because the Judgment had been satisfied by a payment of $436,340.86 and the deposit of $205,558.43 with the Court. (Doc. 262 at 3.) The Court, however, has since denied Respondents' motion for relief from judgment and their motion to release judgment lien. (Doc. 313 at 9-10.) Therefore, the Baldinos' mootness

argument in opposition to the motion to compel fails, at least to the extent it was based on the motion for relief from judgment. Although the Baldinos' amended motion for satisfaction of judgment is pending, the Court has not determined that the judgment has been paid in full. Therefore, the Court will not further delay post-judgment discovery, which could be extended indefinitely by serial motions. The Court grants Petitioners' motion to compel.

## IV. Motion to Authorize Service of Subpoenas

As set forth above, in May 2018 the Baldinos filed their objection to Petitioners' notice of intent to serve subpoenas on the Non-Party LLCs, and in June 2018 they filed their response to Petitioners' motion for authorization to serve subpoenas. (Docs. 285, 295.) The Baldinos objected to the subpoenas to the Non-Party LLCs, and argued that Court should deny Petitioners' motion for authorization to serve subpoenas, based on their assertion that the Judgment had been satisfied. (Doc. 285 at 3; Doc. 295 at 2.) However, the Baldinos filed their objection, and their response to the motion for authorization to serve subpoenas, before the Court issued its August 2, 2018 Order denying the motion for relief from judgment. (Doc. 313.) In that order, the Court rejected the Baldinos' argument that the judgment had been satisfied. (*Id*.) Therefore, the Court also rejects the Baldinos' objections to the subpoenas *deuces tecum* that Petitioners intend to serve on the Non- Party LLCs (Doc. 285), and grants Petitioners' motion to authorize service of subpoenas (Doc. 293).[5]

Accordingly,

**IT IS ORDERED** that Petitioners' Motion to Compel Compliance with Subpoenas (Doc. 256) is **GRANTED**.

---

[5] Because the Court overrules the objection to the subpoenas (Doc. 285), it does not consider Petitioners' argument that the objection fails to comply with Rule 62(b) which applies when a court stays the execution of a judgment pending the disposition of a motion. Fed. R. Civ. P. 62(b); (Doc. 293 at 5).

- 8 -

**IT IS FURTHER ORDERED** that the Baldinos must produce the documents described in the Subpoenas within **thirty days** of the date of this Order. (*See* Docs. 252, 254; Doc. 256, Exs. A, B.)

**IT IS FURTHER ORDERED** that Helen and Joseph Baldino must appear for depositions at mutually-convenient dates and times, no later than **fourteen days** after production of the documents.

**IT IS FURTHER ORDERED** that Petitioners' Motion to Authorize Service of Subpoenas (Doc. 293) is **GRANTED**.

Dated this 22nd day of August, 2018.

_____
Bridget S. Bade
United States Magistrate Judge